# Bender *v.* Barton.

## *Specific Performance.*

(Decided Feb. 3, 1910.　Rehearing denied Feb. 26, 1910.
52 South. 26.)

*Deeds; Delivery; Sufficiency.*—Where a grantor executed a deed for the purpose of delivering it to the grantee at some future time to be by the grantor determined and never parted voluntarily with the control of the instrument but it was taken by the grantee from the drawer in which it was placed, without the consent of the grantor, no title passed to the grantee by the conveyance, and the grantee had no equity in the subject matter, so as to subject his contract to convey the land to another, and hence, no specific performance can be had against such grantee.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Fred J. Bender against Geo. W. Barton, Jr., for specific performance. Judgment for defendant, and plaintiff appeals. Affirmed.

The bill alleges a sale by Geo. W. Barton, Jr., to Fred J. Bender, of a certain tract of land for a certain consideration, expressed in the option, the payment by Bender of $100 on the same, and the refusal by Barton to accept the other cash payments and notes, and to execute the deed. The defense set up was that Geo. W. Barton, Jr., did not have the title to the land when he

[Bender v. Barton.]

agreed to sell it, and that, although his father had made a deed to the lands, naming him as the vendee, the deed had not been delivered to him, and it has not yet been delivered to him, but that the same was executed to be delivered to him at some future day, when the grantor saw fit to do so.

ARTHUR L. BROWN, for appellant. The intention of the party must be considered when the question of the delivery or non-delivery of the deed arises but this intention is to be found by the court by what the parties did or said irrespective of what they may afterwards declare as having been their intention.—*Brown v. Westerfield,* 53 Am. St. Rep. 582; *Bright v. Chenck,* 51 Am. St. Rep. 478; *Simmons v. Simmons,* 78 Ala. 365. If the deed was not actually delivered at least the defendant had a perfect equity. This is a typical case for the application of the doctrine of estoppel.—*Tobias v. Morris,* 126 Ala. 535; 174 U. S. 412; 77 U. S. 604; 33 Ark. 465. Under the facts in this case Barton, Sr., and his wife armed Barton, Jr., with every indicia of ownership, and they should suffer.—*Allen, et al. v. Maury,* 66 Ala. 10; *Turner v. Flynn,* 72 Ala. 532; *Noble v. Moses Bros.,* 74 Ala. 604.

W. T. STEWART, and W. K. TERRY, for appellee. Where defendant has no title, equity will not decree specific performance though his inability to convey was caused by his own acts.—*Enslen v. Napier,* 49 South. 430. There was no delivery.—*Napier v. Elliott,* 50 South. 148; *Alexander v. Alexander,* 71 Ala. 295. The visible possession was sufficient to put the complainant on notice that another claimed the land.—*Pique, et al. v. Arendale,* 71 Ala. 91; *Hendricks v. Kelly,* 64 Ala. 388; *Kent v. Dean,* 128 Ala. 600.

[Bender v. Barton.]

ANDERSON, J.—The main question involved in this appeal is whether or not a certain deed from Geo. W. Barton, Sr., and wife, to Geo. W. Barton, Jr., was delivered before the contract of sale between Barton, Jr., and the appellant, Bender was made. The proof shows that there was no actual delivery at the time of the signing and acknowledgment of same and negatives all idea of any intention of a present delivery. It appears that the grantor prepared and executed the deed for the purpose of delivering it at such future time as he might determine, and that he had never parted with the control of the instrument, and that it was taken from the drawer by the grantee without his father's consent. There is a conflict as to whether Barton, Sr., put it in the drawer, or had his wife to do so, or whether or not he gave it to her to keep; but in either event the evidence shows that the control was reserved to the grantor, and that it was not intended as a delivery to the grantee.

There is no merit in the contention that Barton, Jr., has an equity in the land that can be subjected to complainant's contract of purchase. He had paid nothing on the land, and had no claim thereto until a delivery of the deed by his father, who merely intended to give him the land at some future day.

The decree of the chancery court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., concur.